67 F.3d 308
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Shong-Ching TONG, Plaintiff-Appellant,
v.
Paul TURNER; Ramona Godoy Perez; Zaida Heraldz,
Defendants-Appellees.
 No. 95-55176.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 29, 1995.
 
 Before: BROWNING, GOODWIN and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Shong-Ching Tong appeals pro se the district court's dismissal of his civil rights action seeking damages and injunctive relief against two justices and a deputy clerk of the California Court of Appeal. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm because the district court lacked subject matter jurisdiction over Tong's action.
 
 
 3
 Federal district courts lack subject matter jurisdiction to review the final determinations of a state court in judicial proceedings. Branson v. Nott, No. 94-55332, slip op. 9353, 9361 (9th Cir. Aug. 1, 1995). "This is true even when the challenge to a state court decision involves federal constitutional issues." Id.
 
 
 4
 In his complaint, Tong challenges prior decisions of the California Court of Appeal denying his mandamus petition, declaring him to be a vexatious litigant, and dismissing his appeal. The district court lacked subject matter jurisdiction to review Tong's impermissible collateral attack on prior California state court decisions. See id. at 9362-63. We therefore affirm the district court's dismissal of Tong's action.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3